

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **PAULA FULLERTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:20-cv-00963-LSC** |
| | ) | |
| **KILO KIJAKAZI,**[1] | ) | |
| **Acting Commissioner** | ) | |
| **of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OF OPINION

## I.     Introduction

The plaintiff, Paula Fullerton ("Fullerton" or "Plaintiff"), appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Fullerton

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Kilolo Kijakazi should therefore be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Fullerton was 52 years old at the time of her DIB and SSI application, and she has at least a high school education with two years of college. (Tr. at 57–59, 224, 229.) Fullerton has past relevant work as a real estate agent. (Tr. at 81, 278–82.). Fullerton claims that she became disabled on August 27, 2016, because of limitations imposed by depression, lack of focus, and physical pain. (Tr. at 250–58.) She claims further that in November 2018, her condition worsened, and she experienced anxiety, depression, and psychosis. (Tr. at 24–25, 611–13.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *Id.* The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial evidence in the record" adequately supported the finding that the plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. *Id.*

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine

whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent her from performing his past relevant work, the evaluator will make a finding of not disabled. *Id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find her not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work the evaluator will find her disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the Administrative Law Judge ("ALJ") found that Plaintiff has not engaged in SGA since August 27, 2016, her alleged onset date. (Tr. at 18.) According to the ALJ, Plaintiff's degenerative disc disease/chronic pain, right knee degenerative joint disease, diabetes, diabetic neuropathy, seizures, depression, anxiety/panic disorder, and personality disorder are "severe impairments." (*Id.*) However, the ALJ found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404,

Subpart P, Appendix 1. (*Id.*) The ALJ determined that Plaintiff has the following

RFC:

> [T]o perform light work as defined in 20 C.F.R. §§ 04.1567(b) and
> 416.967(b) except occasional climbing of ramps or stairs; no climbing of
> ladder, ropes, or scaffolds; avoidance of concentrated exposure to
> extreme temperatures and vibration; avoidance of even moderate
> exposure to hazards such as open flames, unprotected heights and
> dangerous moving machinery; she must not be required to do any
> commercial driving; and she is also limited to unskilled work, which is
> simple repetitive and routine; her supervision must be supportive,
> encouraging, respectful, calm, tactful and non-confrontational;
> interpersonal contact with supervisors and coworkers must be
> incidental to the work performed, e.g. assembly work; she must not
> have fast paced production line speeds, and will do best with a slowed
> pace, but [would] be able to maintain an acceptably consistent work
> pace; she should have only occasional, gradually introduced workplace
> changes; she must have normal, regular work breaks at least every 2
> hours; and she should have only occasional, casual, non-intensive
> contact with the general public.

(Tr. At 21.)

According to the ALJ, Plaintiff is unable to perform any of her past relevant

work. (Tr. at 28.) Because Plaintiff cannot perform the full range of work, the ALJ

enlisted a vocational expert ("VE") and used Medical-Vocational Rules as a

guideline for finding whether there are jobs in the national economy which Plaintiff

is capable of performing. (*Id.*) With the help of the VE, the ALJ determined that an

individual with Plaintiff's age, education, work experience, and residual functional

capacity would be able to perform jobs such as mail clerk and inspector/hand

packager. (Tr. at 28–29.) The ALJ concluded his findings by staying that Plaintiff "has not been under a disability, as defined in the Social Security Act, from August 27, 2016, through the date of this decision." (*Id.*)

## II.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding

from being supported by substantial evidence'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1989)).

## III. Discussion

Plaintiff argues that the ALJ's decision should be reversed and remanded because there is not substantial evidence to support the ALJ's symptom evaluation determination. Plaintiff asserts that the ALJ failed to properly consider her subjective allegations. (Doc. 14 at 12–18.)

Plaintiff must furnish medical and other evidence to establish a disability. *See* 42 U.S.C. §§ 423(d)(5)(A), 20 C.F.R. §§ 404.1512(a), 416.912(a); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Eleventh Circuit applies a two-part pain standard when Plaintiff claims disability due to pain or other subjective symptoms. Plaintiff must show evidence of an underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged symptoms arising from the condition, or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged symptoms. *See* 20 C.F.R. §§ 404.1529(a)(c), (b), 416.929(a)(c), (b); Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029; *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

If the first part of the pain standard is satisfied, the ALJ then evaluates the intensity and persistence of Plaintiff's alleged symptoms and their effect on her ability to work. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); Wilson, 284 F.3d at 1225–26. In evaluating the extent to which the plaintiff's testimony is validated and resulting limitations, the ALJ will consider (1) any conflicts between a Plaintiff's statements and the rest of the evidence (2) daily activities, (3) type, dosage,

effectiveness, and side effects of medication taken, (4) treatment, other than medication, received for relief of pain and other symptoms. *See* 20 C.F.R. §§ 404.1529(a), (c)(2), (3), 416.929 (a), (c)(2), (3); SSR 16-3p. In order to discredit Plaintiff's statements, the ALJ must clearly "articulate explicit and adequate reasons." *Dyer*, 395 F.3d at 1210. A credibility determination is a question of fact subject only to limited review in the courts to ensure the finding is supported by substantial evidence. *See Hand v. Heckler*, 761 F.2d 1545, 1548–49 (11th Cir. 1985), vacated for rehearing *en banc*, 774 F.2d 428 (11th Cir. 1985), reinstated *sub nom.*, *Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). Courts in the Eleventh Circuit "will not disturb a clearly articulated finding supported by substantial evidence." *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). However, a reversal is warranted if the decision contains no indication of the proper application of the pain standard. *See Ortega v. Chater*, 933 F. Supp. 1071, 1076 (S.D.F.L. 1996) (holding that the ALJ's failure to articulate adequate reasons for only partially crediting the Plaintiff's complaints of pain resulted in reversal). "The question is not . . . whether [the] ALJ could have reasonably credited [Plaintiff's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 Fed. App'x 935, 939 (11th Cir. 2011).

Here, the ALJ concluded that "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." (Tr. at 22.) However, the ALJ went on to say, "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record...." (*Id.*) The ALJ ultimately determined that "despite the severity of her alleged symptoms," she is more capable than she alleges. (Tr. at 25.) Plaintiff argues that the ALJ did not properly evaluate her subjective complaints of pain in making this determination. However, the ALJ covered a variety of evidence to support his conclusion, including daily activities, the effectiveness of medication, objective medical evidence, and treatment history. (*Id.* at 18–28.) Substantial evidence supports the ALJ's conclusion in this case.

The ALJ began by noting that Plaintiff's current application alleges disability based on physical impairments, diabetes, and mental illness, including depression. (Tr. at 21.) Next, the ALJ analyzed Plaintiff's activities along with the objective medical evidence and treatment to relieve her symptoms. (Tr. at 22–27.) The ALJ also considered Plaintiff's daily activities in assessing her subjective complaints. (Tr. at 25, 541-42). *See Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987) (holding that an ALJ may consider daily activities in assessing a Plaintiff's credibility); *see also* 20

C.F.R. §§ 404.1529(c)(2)(3) (specifically listing daily activities as a factor to consider in evaluating a claimant's credibility). The ALJ noted that Plaintiff is able to perform household chores, including laundry, shopping at the grocery store, driving, preparing meals, managing money, and watching television. (Tr. at 20, 25, 270, 541–42.) Plaintiff also asserted that she could handle self-care, personal hygiene, and care for pets. (Tr. at 271) The ALJ correctly identified this as evidence that her condition does not totally affect her ability to complete tasks or get along with others. (Tr. at 20.)

The ALJ also considered Plaintiff's diagnosis of multiple physical impairments, including lower extremity neuropathy, back impairment, and "mild to moderate" right knee degeneration. (Tr. at 22, 332–69, 511–13, 652.) However, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient [to show disability]; instead, the plaintiff must show the effect of the impairment on her ability to work.'" *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) (*quoting McCruter*, 791 F.2d 1544, 1547 (11th Cir. 1986)). Plaintiff stated that her pain is mostly in her lumbar region and radiates into her right leg. (Tr. at 60.) Plaintiff also stated she has neuropathy, with her pain on a ten-point scale running at a "6 to a 7," but only "a 5 or 6" after taking medication.

(Tr. at 60–61.) Ultimately, the ALJ determined that Plaintiff does not experience the debilitating physical functional impairments that she contends. (Tr. at 21–28.) Although Plaintiff complained of an inability to stand more than a few minutes, Plaintiff also reported activities such as running, walking, and performing aerobics and other exercises, which are inconsistent with Plaintiff's complaints. (Tr. at 23, 631.) Plaintiff's pain management records are also inconsistent with what she reports. Treatment notes from Northeast Orthopedics in May 2017, only six weeks after experiencing a non-displaced left fibula fracture, reveal Plaintiff asked about returning to working out at the gym. (Tr. 23, 595.) Further, in September 2017, Plaintiff reported her medications were effective. (Tr. at 364.) In October 2018, Plaintiff reported severe foot pain but did not complain about any other musculoskeletal pain nor were there any significant abnormalities on examination. (Tr. at 23, 615–17.) Despite her alleged pain, treatment notes regularly indicated that Plaintiff continued to report she was exercising by running, walking, and doing aerobic exercise. (See Tr. at 599–666.)

After discussing Plaintiff's physical examination records, the ALJ addressed Plaintiff's allegations of "blackouts." Plaintiff testified that her primary care provider told her that the blackouts were a result of her diabetes. (Tr. at 80.) However, in nearly one hundred visits at Sand Mountain Family Practice from 2011

to 2017, Plaintiff did not report any blackouts or seizure-like conditions nor were there any notations from the providers. (Tr. at 370–538.) However, the ALJ recognized Plaintiff's records did show sporadic reports of dizziness. (Tr. at 385, 392–93, 409, 537, 634.) Accordingly, the ALJ "limited [Plaintiff] to no climbing of ladder, ropes, or scaffolds; avoidance of concentrated exposure to extreme temperatures and vibration; avoidance of even moderate exposure to hazards such as open flames, unprotected heights and dangerous moving machines; and no commercial driving." (Tr. at 25.)

Regarding Plaintiff's mental health, Plaintiff reported "constant anxiety," which was characterized as "apprehension, expectant dread and nervousness." (Tr. at 611.)  Plaintiff also claimed an inability to focus and lack of attention span prevent her from working. (Tr. at 66.) A psychological consultative examination from November 2017 at Sand Mountain Family Practice Center revealed inconsistencies in her allegations in which it was reported that she maintained appropriate eye contact, performed simple monetary calculations, and was able to repeat six digits forward and four digits backward. (Tr. at 24–25, 541–42.) From November 2018 through April 2019, Plaintiff received treatment at Marshall Medical Center for depression and anxiety. (Tr. at 545–60.) However, she was also noted to be well groomed, sitting calmly, cooperative, and having normal speech. (Tr. at 25, 547.) As

a result, the ALJ limited her to simple, repetitive, and routine tasks with occasional, gradually introduced workplace changes and only occasional, casual, non-intensive contact with the public to account for any alleged mental health problems. (Tr. at 21.) Accordingly, the record includes substantial evidence to support the ALJ's decision that the Plaintiff's statements about the intensity, persistence, and limiting effects of her mental health issues are not consistent with the longitudinal record of medical evidence.

In sum, the ALJ's decision was based on substantial evidence. The ALJ properly determined that Plaintiff's alleged symptoms were not supported by the longitudinal record of medical evidence. In doing so, the ALJ clearly articulated explicit and adequate reasons for his conclusion. *Dyer*, 395 F .3d at 1210 As the ALJ noted, despite the severity of her alleged symptoms, Plaintiff generally had mild to benign findings upon examination, improvement with treatment, and normal daily activities. (Tr. at 25.) The ALJ's consideration of the objective medical evidence shows that Plaintiff did not have functional limitations greater than those in the RFC that would affect her capacity to work. Although Plaintiff exhibited medically determinable physical and mental impairments, the ALJ properly accounted for these limitations by limiting her to light work with several additional restrictions listed. (Tr. at 21, 24–25, 28–29.) Accordingly, the ALJ did not err.

## IV. Conclusion

Upon review of the administrative record, and considering Plaintiff's argument, this Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** and **ORDERED** on March 29, 2022.

_____
L. Scott Coogler
United States District Judge

206770